IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC PETERSEN, ) | 1: 06 - CV - 1364 AWI NEW (WMW) |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND |
| v. ) | ORDER GRANTING MOTION TO |
| ) | DISMISS |
| ) | |
| UNITED STATES OF AMERICA ) | (Document #16) |
| ) | |
| Defendant. ) | |
| _____) | |

On September 28, 2006, Plaintiff filed a complaint. The complaint concerns the Employees Compensation Appeals Board ("ECAB")'s decisions and conduct. The first claim alleges that the ECAB's failure to allow a recording of proceedings in docket number 2005-1931 and 2005-1932 violated court procedural rules and regulations, deprived him of due process, and violated Plaintiff's equal protection rights. The second claim appears to be an appeal of the ECAB's decision, docket number 2005-1931. In this claim Plaintiff disputes the ECAB's finding that Plaintiff was a seasonal employee, the ECAB's finding that Plaintiff should not be categorized as an Administratively Determined Personnel ("AD Personnel") or contract employee, to whom federal rules do not apply, and the ECAB's findings regarding Plaintiff's rate of pay. The third claim alleges violations of Plaintiff's civil rights. Specifically, Plaintiff contends that the United States' failure to recognize that he was a federal employee, failure to correspond with Plaintiff's doctor, and failure to pay medical bills denied Plaintiff of medical

treatment in violation of due process and equal protection.   The fourth claim alleges that the United States violated Plaintiff's due process rights by not responding to Plaintiff's allegations of misconduct, abuse of discretion, and reckless misconduct.   The fifth and sixth claims contend that the United States is guilty of reckless misconduct and abuse of discretion.

On March 13, 2007, Defendant filed a motion to dismiss or, in the alternative, a motion for summary judgment.   Defendant contends that most of Plaintiff's claims are barred by res judicata as Plaintiff previously litigated the issues in <u>Peterson v. U.S. Department of Labor</u>, No. 03-918, WL 21982812 (N.D. Cal. Aug. 11, 2003.   Defendant also contends that 5 U.S.C. § 8128(b) bars judicial review of the decision granting or denying Plaintiff compensation. Defendant contends that Plaintiff's exclusive remedy for damages is with the Federal Employees' Compensation Act ("FECA").   Finally, to the extent Plaintiff is attempting to allege a claim for damages for civil rights outside of FECA, Defendant contends that Plaintiff has failed to file a claim under the Federal Tort Claims Act ("FTCA").

On March 30, 2007, Plaintiff filed an opposition.   Plaintiff contends that the laws cited by Defendant do not apply to him because he is an AD Personnel and not a Federal Employee who signed an oath of office.   Plaintiff contends that if the court rules he was a Federal Employee, than he asks the court grant him all benefits, overtime, and back pay.   Plaintiff contends he was not a federal employee and the federal contract at issue failed to inform the signors that they would be subject to agency regulations rather than the contract's provisions. Plaintiff argues that under the contract, he was to be paid on a daily rate, not an hourly rate. Plaintiff again argues that the ECAB's findings are invalid because they were not recorded. Finally, Plaintiff contends that the United States is in default in this case.

On April 5, 2007, Defendant filed a reply.   Defendant contends that this action must be dismissed for this court's lack of jurisdiction based on res judicata and the preclusive effect of the FECA.

**LEGAL STANDARD**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).

When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F. 2d 884, 891 (3d Cir.1977); Cervantez v. Sullivan, 719 F. Supp. 899, 903 (E.D. Cal.1989), rev'd on other grounds, 963 F. 2d 229 (9th Cir.1992).

A defendant may also attack the existence of subject matter jurisdiction apart from the pleadings. Mortensen, 549 F. 2d at 891. In such a case, the court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. St. Clair v. City of Chico, 880 F. 2d 199, 201 (9th Cir.1989); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir.1987); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir.1983). "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill Publishing, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).

//

# FACTS

**A. Facts Alleged in the Complaint**

The complaint alleges that Plaintiff has been a professional fire fighter / emergency medical technician for 45 years.  Plaintiff rose to the rank of E.M.S. Battalion Chief.

The complaint alleges that since August 31, 1992, Plaintiff has not been able to work because of injuries.  At the time of the injury, the complaint alleges that Plaintiff was working under a signed Federal Contract No. CA 020-EQO-107.

The complaint alleges that AD Personnel are emergency workers hired to support an incident.  The complaint alleges that this is a special category of personnel.  The complaint alleges that AD Personnel are not Federal employees who have signed an oath.   The complaint argues that you cannot use rules of Congress that apply to Federal Employees to AD Personnel because AD Personnel do not sign an oath of office.  The complaint alleges that AD Personnel have little rights and  they can be fired at any time without cause.

The complaint alleges that after his injury, Plaintiff was sent to a doctor for the Department of Labor.  The complaint alleges that the doctor told the Department of Labor that if Plaintiff continued with rehabilitation, it could kill him.  However, the Department of Labor would not listen to the doctor or pay his services.  The complaint alleges that the Department of Labor told Plaintiff that if he did not continue with rehabilitation he would lose all compensation and benefits.  The complaint alleges that because Plaintiff did not have the correct medical treatment, his lungs became infected and he could have died.

The complaint alleges that Plaintiff timely filed a claim with the United States Department of Labor.  The Employees Compensation Appeals Board ("ECAB") issued a ruling in docket number 2005-1931.  The complaint alleges that the ECAB incorrectly found Plaintiff was a career seasonal employee.  The complaint alleges that the ECAB incorrectly determined Plaintiff's wage earning capacity.

 The complaint alleges that the ECAB would not allow any type of recording of the issues

before it.  The complaint alleges that there is no written record of what was said or agreed to by the parties.  The complaint alleges that this failure to tape record ECAB's proceedings violated Plaintiff's due process rights.  The complaint asks the court strike every decision of the ECAB.

**B.  Additional Facts**[1]

The Declaration of Terry Wallace states:

> Petersen filed appeals before the ECAB which were assigned Docket Nos. 2005-1931 and 2005-1932.  Oral argument was held for both of these cases on April 6, 2006 before a two member panel of the ECAB.  The oral argument before the panel for these cases was not recorded or transcribed.  It is the practice of the ECAB not to transcribe or record oral arguments.

The Declaration of Catherine P. Carter, Counsel for Claims and Compensation, Division of Employee Benefits, Office of the Solicitor, United States Department of Labor, states that Ms. Carter coordinate's administrative claims filed with the Department of Labor.   Mr. Carter states that she has searched the records of the Department of Labor and found no receipt form on behalf of Plaintiff for money damages arising out of the circumstances set forth in the complaint.

The opinion dismissing Plaintiff's prior case for lack of subject matter jurisdiction in Peterson v. U.S. Department of Labor, No. 03-918, 2003 WL 21982812 (N.D. Cal. August 11, 2003), reads in part:

> . . . .
> Plaintiff, a temporary employee of the United States Bureau of Land Management, alleges that on August 31, 1992, he ingested diesel fuel into his lungs and stomach and suffered an on-the-job injury ("1992 injury"). Pl. Compl. at ¶ 3. Plaintiff filed a claim with the Office of Workers' Compensation Program (OWCP) for the 1992 injury; the claim was denied by letter dated November 18, 1992. Id . at ¶ 5. After plaintiff appealed the denial of an award for the 1992 injury, the OWCP found plaintiff totally disabled and accepted his claim for workers' compensation benefits. Declaration of Elizabeth Miller ("Miller Decl.") at ¶ 4. Plaintiff was awarded then and still receives the maximum monthly workers' compensation benefit for his 1992 injury. *Id*.
> Plaintiff also alleges that on July 14, 1995, while he was a temporary employee of the National Park Service, he accidently fell off a 100 foot cliff and injured his back, neck, and wrist ("1995 injury"). Pl. Compl. at ¶ 4. Plaintiff filed a form CA-1 (Notice of Traumatic Injury), claiming an injury while he worked as a search and rescue volunteer at Yosemite National Park; the Department of Labor

---

[1] The parties submit additional facts.  These are the facts outside the complaint that the court relied on.

denied the claim due to insufficient medical support for it. Miller Decl. at ¶ 7. Plaintiff requested reconsideration of the claim for his 1995 injury, and on December 26, 1996, a reconsideration decision was issued, denying the claim because plaintiff had failed to demonstrate a causal relationship between his accident and his claimed injury, and because the medical evidence established that plaintiff had a pre-existing condition. Id. Following subsequent requests by plaintiff for reconsideration and appeals to the Employees' Compensation Appeals Board, plaintiff's claims were finally denied by decision dated May 9, 2003. Id. at ¶¶ 8-10.

Plaintiff sued the United States Department of Labor under 28 U.S.C. §§ 1343, 1346(b)(1), 2201 and 2202 ("Declaratory Judgment Act"), and 5 U.S.C. § 702 ("Administrative Procedure Act"). Pl. Compl. at 1:17-22. Plaintiff alleges that he has been wrongfully denied benefits for his alleged 1992 and 1995 injuries pursuant to the Federal Employees Compensation Act, 5 U.S.C. § 8101 *et seq* ("FECA"). Plaintiff also alleges that defendant was negligent in processing his claim for FECA benefits; conspired to deprive him of his rights to due process and equal protection under the law by failing to timely and properly process his workers' compensation claims for his 1992 and 1995 injuries; and intentionally and maliciously removed, destroyed and otherwise disposed of evidence in his claim files which was material to a full and final determination of his claims. Pl. Compl. at ¶¶ 160-172.

Defendant has moved to dismiss all claims, based on lack of jurisdiction.

## DISCUSSION

. . . .

### 1. Negligence causes of action

. . . .

Plaintiff's negligence claims for his on-the-job injuries are preempted by FECA because it is the exclusive remedy for federal employees who suffer injuries covered by FECA. See Sheehan v. U.S., 896 F.2d 1168, 1173 (9th Cir.1990). Through FECA, Congress established a workers' compensation scheme that is exclusively administrative. 5 U.S.C. § 8116(c). Consequently, plaintiff's negligence claims must be dismissed by this Court for lack of subject matter jurisdiction, and no curative amendment is possible.

Defendant also argues that plaintiff has failed to exhaust his administrative remedies. However, because the FECA administrative remedy is the exclusive remedy available to federal employees for claims that are not of a constitutional nature, judicial review is unavailable, whether or not administrative remedies have been exhausted. Rodrigues v. Donovan, 769 F.2d 1344, 1347 (9th Cir.1985) ("Jurisdiction and exhaustion ... are separate issues.") Likewise, defendant's argument that plaintiff named an improper defendant under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 and 2679(b), need not be addressed because plaintiff seeks relief which is preempted by FECA.

### 2. Review of FECA entitlement and/or increase in benefits

This Court lacks subject matter jurisdiction to review plaintiff's petition for entitlement to and/or an increase in his FECA benefits. Judicial review of the Secretary of Labor's determination of FECA coverage is barred. 5 U.S.C. § 8128(b); see also Southwest Marine, Inc. v. Gizoni, 502 U.S. 81, 90, 112 S.Ct. 486, 493, 116 L.Ed.2d 405(1991) ("FECA contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary's determination of FECA coverage") (citing Lindahl v. Office of Personnel Management, 470 U.S. 768, 780 n. 13, 105 S.Ct. 1620, 1627, 84 L.Ed.2d 674 (1985)).

6

. . . . Because the Secretary has determined that plaintiff's claim for the 1992 injury is covered by FECA, and he is receiving maximum benefits for the injury, plaintiff's petition for this Court to adjust his FECA benefits level is barred. Additionally, because plaintiff's claim for the 1995 injury is not covered by FECA, plaintiff's petition for this Court to examine his FECA entitlement is barred.

3. Constitutional causes of action

Although 28 U.S.C. § 8128(b) precludes judicial review of FECA benefits, courts have recognized a limited exception to address substantial and cognizable constitutional claims. Rodrigues, 769 F.2d at 1348. . . .

However, plaintiff's allegations regarding his 1992 injury are not substantial because he has already received the maximum FECA benefits payable. Miller Decl. at ¶¶ 4 and 7. Plaintiff's allegations of due process and equal protection violations in connection to his 1995 injury are also without merit. Because a plaintiff has no "property interest" for constitutional purposes where benefits have been denied, Petersen has not been deprived of a protected interest in "property" or "liberty." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 59, 119 S.Ct. 977, 989, 143 L.Ed.2d 130 (1999). Furthermore, raising constitutional claims merely to establish subject matter jurisdiction to review FECA benefits is prohibited. § 8128(b); Rodrigues, 739 F.2d at 1348. Plaintiff fails to state a substantial and cognizable constitutional claim. Accordingly, this Court does not have subject matter jurisdiction to review plaintiff's allegations of constitutional violations with regard to his 1992 and 1995 injuries.

CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss, without leave to amend. [Docket # 9 (Motion to Dismiss) ]

IT IS SO ORDERED.

**DISCUSSION**

**A. Judicial Review of ECAB's Final Decision**

FECA, 5 U.S.C. § 8101, *et seq.*, is the workers' compensation statute for those employed by the United States. Except for certain specific exceptions, FECA requires the United States to pay compensation for the disability or death of an employee resulting from personal injury sustained while in the performance of his or her duty. 5 U.S.C. § 8102(a). FECA's exclusivity provision bars recovery for those injured while working for the United States pursuant to other statutes, providing that "[t]he liability of the United States . . . under this subchapter . . . is exclusive and instead of all other liability of the United States . . . to the employee . . . and any other person otherwise entitled to recover damages from the United States . . . under a Federal tort liability statute." 5 U.S.C. § 8116(c).

7

Under FECA, the Secretary of Labor makes all necessary determinations and findings of fact regarding payment of compensation after considering the claim presented and completing such investigation as he considers necessary. 5 U.S.C.A. § 8124. The Secretary may prescribe rules and regulations necessary for the administration and enforcement of FECA, including rules and regulations for the conduct of hearings. 5 U.S.C.A. § 8149 . The Secretary may appoint employees to administer FECA and delegate powers. 5 U.S.C. § 8145. The Secretary has delegated the responsibility for administering the FECA to the Director of the Office of Workers' Compensation Programs ("OWCP"). 20 C.F.R. § 10.1.

Once a claim is filed with OWCP, OWCP considers the claim, the report by the employer, and the results of such investigation as OWCP may deem necessary and applies the law, the regulations, and its procedures to the facts as reported or obtained upon investigation. 20 C.F.R. § 10.125   OWCP's decision must contain findings of fact and a statement of reasons and must be accompanied by information about the claimant's appeal rights, which may include the right to a hearing, a reconsideration, and/or a review by the ECAB. 20 C.F.R. § 10.125. After receiving a final decision, a claimant may appeal OWCP's decision to the ECAB. 5 U.S.C. § 8149; 20 C.F.R. § 501.3. When addressing an appeal, the ECAB should review all relevant questions of law, fact, and discretion, but the ECAB's review is limited to the evidence in the case record which was before the OWCP at the time of its final decision. 20 C.F.R. § 501.2(c). A claimant may request the opportunity to present oral argument to ECAB. 20 C.F.R. § 501.5(a). The ECAB's decision must contain a written opinion setting forth the reasons for the action taken and an appropriate order. 20 C.F.R. § 501.6(a).

The decision of the ECAB is final as to the subject matter appealed and such decision is only subject to review by the ECAB. 20 C.F.R. § 501.6(c). Title 5 U.S.C. § 8128 provides as follows:

> (a) The Secretary of Labor may review an award for or against payment of compensation at any time on his own motion or on application. The Secretary, in accordance with the facts found on review, may--
> (1) end, decrease, or increase the compensation previously awarded; or

8

```
            (2) award compensation previously refused or discontinued.
    (b) The action of the Secretary or his designee in allowing or denying a payment
    under this subchapter is–
    (1) final and conclusive for all purposes and with respect to all questions of law
    and fact; and
    (2) not subject to review by another official of the United States or by a court by
    mandamus or otherwise.
    . . . .
```

5 U.S.C. § 8128.

### *1. Review of Non-Constitutional Errors*

Pursuant to 5 U.S.C. § 8128(b), federal courts are barred by statute from reviewing decisions by ECAB to pay or deny claims. Staacke v. United States Sec'y of Labor, 841 F.2d 278, 280-81 (9th Cir. 1988); Rodrigues v. Donovan, 769 F.2d 1344, 1347-48 (9th Cir.1985). In the complaint, Plaintiff asks this court to review ECAB's decision, including its findings that Plaintiff was a seasonal employee and its findings regarding Plaintiff's rate of pay. Plaintiff also alleges ECAB and OWCP failed to timely recognize that Plaintiff was a federal employee, failed to correspond with Plaintiff's doctor, failed to pay medical bills, and failed to respond to many of Plaintiff's complaints. Title 5 U.S.C. § 8129(b) prevents this court from reviewing the decision and actions by ECAB and OWCP. Thus, this court lacks subject matter jurisdiction to the extent Plaintiff is requesting this court review the ECAB's and OWCP's decisions.

Some of Plaintiff's claims contain allegations that OWCP's conduct in recognizing Plaintiff's status, failing to pay medical bills, and failing to ensure him proper treatment caused Plaintiff's injury to worsen. It appears from the complaint that Plaintiff is trying to obtain benefits beyond his actual injury. Plaintiff appears to seek benefits or damages based on Defendant's actions in addressing and processing Plaintiff's claims. Defendant's alleged failures to properly address Plaintiff's injury do not give rise to a separate cause of action for which this court has jurisdiction. FECA remains the exclusive remedy, even when a work-related injury is subsequently aggravated by negligence and malpractice. Vander v. U.S. Dept. of Justice, 268 F.3d 661, 663-64 (9th Cir. 2001). For example, the Ninth Circuit has

interpreted FECA to mean that FECA has taken away the right to sue the government in tort for medical malpractice arising out of the injury, as well as for the injury itself. Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995). Because the underlying injury falls under FECA, this court lacks jurisdiction to address Plaintiff's claims against Defendant for the injury or negligence regarding Defendant's response to Plaintiff's injury.

Accordingly, the court lacks jurisdiction over Plaintiff's claims that request this court review the ECAB's and OWCP's actions and decisions. Because this jurisdictional defect cannot be cured, the court will dismiss these claims with prejudice.

## *2. Review of Constitutional Errors*

Several of Plaintiff's claims contain allegations that ECAB and OWCP denied Plaintiff of constitutional rights. Plaintiff contends ECAB's failure to record docket number 2005-1931 and 2005-1932 violated due process. Plaintiff contends that Defendant's failure to recognize that he was a federal employee, failure to correspond with Plaintiff's doctor, and failure to pay medical bills denied Plaintiff of medical treatment in violation of due process and equal protection. Plaintiff also contends that Defendant violated Plaintiff's due process rights by not responding to Plaintiff's allegations of misconduct, abuse of discretion, and reckless misconduct.

As discussed above, pursuant to 5 U.S.C. § 8128(b), this court is barred by statute from reviewing decisions by ECAB to pay or deny claims. Staacke, 841 F.2d at 280-81; Rodrigues, 769 F.2d at 1347-48. However, the court does have jurisdiction to review a claimant's constitutional claim that the OWCP's or ECAB's procedures violated constitutional rights. Staacke, 841 F.2d at 281; Rodrigues, 769 F.2d at 1348. In order for the court to exercise this jurisdiction, the constitutional contentions must "appear to be more than mere allegations included in the complaint to create jurisdiction where none would exist otherwise." Rodrigues, 769 F.2d at 1348. "A cognizable due process claim must be more than an ephemeral and insubstantial denial of benefits to which a plaintiff does not claim entitlement." Markham v. United States, 434 F.3d 1185, 1188 (9th Cir. 2006). For example, in Rodrigues the Ninth Circuit

10

found that the Secretary's prolonged delay in holding a post-termination hearing presented a cognizable due process claim. Rodrigues, 769 F.2d at 1348. In Raditch v. United States, 929 F.2d 478 (9th Cir.1991), the Ninth Circuit found jurisdiction because a disabled employee alleged his benefits were terminated without notice. Id. at 480.

Here, Plaintiff's basic contention is that OWCP and ECAB's errors in providing him the benefits he believes he is entitled to and calculation of Plaintiff's compensation denied him procedural due process and equal protection. The court finds that Plaintiff's references to procedural due process and equal protection are merely attempts to seek court review of ECAB's decisions. Although in certain instances violations of the Constitution can give rise to a claim, it is the constitutional violation and not the administrative procedure that forms a basis for jurisdiction. Markham, 434 F.3d at 1188. Here, Plaintiff is clearly seeking review of ECAB's actions and findings. Such contentions cannot serve as the basis for jurisdiction.

Unlike Plaintiff, the plaintiff in Rodrigues was "not arguing in any respect the merits of his underlying compensation claim." Id. at 1347. The ECAB's decisions regarding Plaintiff's status as a seasonal employee, determination of Plaintiff's wage earning capacity, and failure to consider all of Plaintiff's letters and documents do not violate Plaintiff's due process rights or equal protection rights. Similarly, the fact Plaintiff believes OWCP's and ECAB's actions constituted an arbitrary and capricious conduct also did not deprive him of due process. These contentions address neither of the requirements of due process: Notice and the opportunity to be heard. See Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978) (Due process requires "an opportunity for some kind of hearing prior to the deprivation of a significant property interest"). Plaintiff does not allege that he did not have notice nor that he did not opportunity to respond to the evidence. Plaintiff's contentions also do not address the requirement for a violation of equal protection: Different treatment of similarly situated individuals. See City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985) (the Equal Protection Clause requires that persons who are similarly situated be treated alike.)

11

Plaintiff's contentions do not include allegations that Defendant intentionally discriminated on the basis of the plaintiff's membership in a protected class. See Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001).  Plaintiff's contentions also do not include allegations that others similarly situated to Plaintiff were treated differently, Defendant's actions were without a rational basis, and Defendant's reasons for its actions are pretext for malignant animosity.  See Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944-48 (9th Cir. 2004) (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)).   Plaintiff's vague allegations of constitutional violations provide no subject matter jurisdiction for this court.  The complaint's citations to procedural due process and equal protection are nothing more than allegations that were included to create jurisdiction.   Thus, to the extent the complaint seeks review of the OWCP's and FECA's decisions based on alleged general violations of Plaintiff's procedural due process rights and equal protection rights, this court lacks subject matter jurisdiction.

The complaint does contain one specific action taken by Defendant that Plaintiff alleges violated his procedural due process rights.   Plaintiff contends that his procedural due process rights were violated by ECAB's failure to transcript or record the final decision in Docket No. 2005-1931.  "A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections."  Brewster v. Board of Educ., 149 F.3d 971, 982 (9th Cir. 1998).   The court will assume, without deciding, that Plaintiff has a property interest in his claim for payment. See Lujan v. G & G Fire Sprinklers, Inc., 532 U.S. 189, 195 (2001) ("[w]e assume, without deciding, that the ... respondent has a property interest . . . in its claim for payment").   As such, the issue is whether the failure to record or transcribe the final hearing before ECAB denied Plaintiff of adequate procedural protections.   "When a government-created property interest is at stake, due process principles require at least notice and an opportunity to respond in some manner, whether in writing or at an oral hearing, before termination of that interest."  Raditch, 929 F.2d at 480.

There is little case law concerning the right to a recording or transcript of an

administrative proceeding. Because of this lack of authority, the court looks to recording and transcription requirements in criminal cases for guidance on when due process requires a recording or transcription. Pursuant to 28 U.S.C. § 753(b), court reporters are required to record verbatim "all proceedings in criminal cases had in open court." However, even in the criminal context, a violation of Section 753(b) does not require reversal of a criminal conviction unless the criminal defendant can demonstrate specific prejudice. United States v. Antoine, 906 F.2d 1379, 1381 (9th Cir. 1990); United States v. Carillo, 902 F.2d 1405, 1409-10 (9th Cir.1990). Similarly, the Ninth Circuit has recognized that a trial court's failure to make a record of portions of the trial only violates due process only if the record is such that a criminal defendant cannot effectively appeal. When reviewing a state's denial of transcripts to criminal defendants, the court should consider two criteria: "(1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript." Britt v. North Carolina, 404 U.S. 226, 227 & n.2 (1971); Madera v. Risley, 885 F.2d 646, 648 (9th Cir. 1989).

    Plaintiff has not provided sufficient facts to conclude that the lack of a recording or transcript during the final ECAB hearing resulted in a denial of due process. Plaintiff has not demonstrated the value of a transcript or recording in connection with an appeal. See Risley, 885 F.2d at 648. Because Plaintiff has no ability to appeal the ECAB's final decision to a further agency or court, a recording or transcript of the proceeding has no value to an appeal. The ECAB's decision is based on the prior administrative record and the court cannot consider new evidence. Thus, a recording or transcript would have little influence on a motion for the ECAB to reconsider its own findings.

    Other than fact that the hearing was not recorded, Plaintiff does not allege a constitutional violation took place at the hearing. Rather, Plaintiff disagrees with the earlier decisions of OWCP and final decision of ECAB based on its interpretation of the regulations, Plaintiff's status, and Plaintiff's pay rate. As discussed above, Plaintiff's disagreement with the final

13

finding of ECAB is not in and of itself a constitutional violation.   Because ECAB's finding is final, the lack of a transcript or recording would not aid further review of the decision.   The mere allegation that the final hearing of ECAB was not recorded does not rise to the level of a due process violation.   Thus, this court lacks subject matter jurisdiction over Plaintiff's contentions concerning the failure to record or transcribe because ECAB's failures to record or transcribe the proceeding do not sufficient allege a violation of Plaintiff's constitutional rights.

**B. Plaintiff's Tort Claims**

The fifth and sixth claims contend that the United States is guilty of reckless misconduct and abuse of discretion.   These claims appear to allege torts against the United States.

Injuries to federal employees allegedly sustained during work-related activities must be compensated under the FECA program administered by the Secretary of Labor.   David v. United States, 820 F.2d 1038, 1043 (9th Cir.1987).   The remedies provided under FECA are exclusive, and if compensation is available under FECA, all other statutory remedies for claims arising under the same facts are preempted.   Moe v. United States, 326 F.3d 1065, 1068 (9th Cir. 2003); Figueroa v. United States, 7 F.3d 1405, 1407 (9th Cir. 1993).   "If a plaintiff has a colorable claim under FECA, the federal courts should dismiss any action arising under the same facts for lack of subject matter jurisdiction."   Moe, 326 F.3d at 1068.   As such, this court lacks subject matter jurisdiction over any tort claims arising from Plaintiffs' underlying injuries.   In addition, to the extent Plaintiff alleges that the failure to provide him with adequate or timely medical treatment resulted in an exacerbation of his injury, such a claim is also covered under FECA.   See Vander, 268 F.3d at 664  (no right to sue the government in tort for medical malpractice and negligence arising out of the injury, as well as for the injury itself); Lance, 70 F.3d at 1095 (FECA takes away right to sue United States in tort for medical malpractice arising out of the injury, as well as for the injury itself).

Finally, to the extent that Plaintiff is attempting to obtain money damages for alleged torts committed by Defendant in processing his claims, Plaintiff appears to be raising a claim under

the Federal Tort Claims Act ("FTCA").  The FTCA provides the exclusive remedy for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act of omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 2679(b)(1).   The FTCA bars claimants from seeking damages against the United States in federal court until they have exhausted their administrative remedies. 28 U.S.C. § 2675(a); <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993); <u>Jerves v. United States</u>, 966 F.2d 517, 518-19 (9th Cir.1992).

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).  This exhaustion requirement is jurisdictional and must be strictly adhered to.  <u>Brady v. United States</u>, 211 F.3d 499, 502 (9th Cir. 2000).

Defendant has provided evidence that a search of the Department of Labor's records discloses no evidence of any claim for compensation in tort being filed by Plaintiff against the Department of Labor based on its alleged handling of Plaintiff's claims.   Thus, assuming a tort claim is even available for Defendant's actions in processing Plaintiff's claims, the court lacks jurisdiction over any tort claims for Plaintiff's failure to comply with FTCA.

**C.  Res Judicata**

In its motion, Defendant also contends that many, if not all, of Plaintiff's claims are barred by the doctrine of res judicata.  Res judicata, or claim preclusion, "bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits."  <u>Tahoe-Sierra Preservation Council v. Tahoe Regional Planning Agency</u>, 322 F.3d 1064, 1078 (9th Cir.2003); <u>United States ex rel. Barajas v. Northrop Corp.</u>, 147 F.3d 905, 909 (9th Cir.1998)).  Res judicata applies when

15

there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between the parties. Tahoe-Sierra, 322 F.3d at 1077.

Plaintiff's prior case, Peterson v. U.S. Department of Labor, No. 03-918, 2003 WL 21982812 (N.D. Cal. August 11, 2003), was dismissed for lack of subject matter jurisdiction. Defendant contends that Plaintiff's claims that were litigated in this prior case, or could have been litigated, are barred by res judicata. The court notes that under Rule 41(b) "any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction . . . operates as an adjudication on the merits." Fed. R. of Civ. P. 41(b). Because of Rule 41(b), a dismissal for lack of jurisdiction ordinarily does not preclude a second action based on the same cause of action that includes allegations that overcome the initial defect of jurisdiction. 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 4435 (2d ed. 2007). At the same time, such dismissals generally do preclude re-litigation of the underlying issue of jurisdiction, venue, or party joinder. Id. Because this court lacks subject matter jurisdiction over this action for the reasons discussed above, it is unnecessary to determine if some or all of this actions' claims are also barred under the doctrine or res judicata.

**D. Default**

In his opposition, Plaintiff states that Defendant "is in default four times on the above-entitled case." It appears Plaintiff is attempting to argue that Defendant's default is grounds for the court to deny Defendant's motion. A review of the court's records reveal that Plaintiff filed several motions for default against Defendant. On January 4, 2007, the Magistrate Judge then assigned to this case denied Plaintiff's motions. No motion for reconsideration of the Magistrate Judge's ruling has been filed. Plaintiff's opposition is not the appropriate place for Plaintiff to dispute the Magistrate Judge's findings. Thus, the court declines to address Plaintiff's contentions regarding Defendant's alleged default. However, the court does note that while an entry of default might affect Defendant's ability to file motions, it has no relevance on

16

whether this court has subject matter jurisdiction over this action.

**ORDER**

Accordingly, based on the above memorandum opinion, the court ORDERS that:

1. Defendant's motion to dismiss is GRANTED;
2. The complaint, to the extent it seeks review of ECAB's or OWCP's decisions or seeks damages based on ECAB's or OWCP's actions, is DISMISSED WITH PREJUDICE;
3. The complaint, to the extent it alleges ECAB or OWCP violated the Constitution, is DISMISSED WITHOUT PREJUDICE; and
4. The Clerk of the Court is DIRECTED to close this action.

IT IS SO ORDERED.

**Dated:   May 25, 2007**               /s/ Anthony W. Ishii
                                        UNITED STATES DISTRICT JUDGE